**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | |
|---|---|
| ULRIC BRONSHAY HICKS,<br>ID # 11437-280,<br>    Petitioner,<br>vs.<br><br>EDDIE MEJIA, Warden,<br>FCI-Seagoville<br>    Respondent. | )<br>)<br>)<br>)  No. 3:15-CV-269-D (BH)<br>)<br>)  Referred to U.S. Magistrate Judge<br>)<br>) |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**

Pursuant to *Special Order 3-251*, this habeas case has been referred for findings, conclusions, and recommendation. Based on the relevant findings and applicable law, the petition for writ of habeas corpus under 28 U.S.C. § 2241 should be **DENIED** with prejudice.

**I. BACKGROUND**

Ulric Bronshay Hicks (Petitioner), a prisoner incarcerated in the Federal Correctional Institution in Seagoville, Texas, (FCI-Seagoville), challenges the manner in which he is serving his federal sentence and the calculation of credit to his federal sentence by the Bureau of Prisons (BOP) under 28 U.S.C. § 2241. The respondent is Eddy Mejia, the Warden of FCI-Seagoville.

While on state parole for a possession of cocaine offense, Petitioner was arrested by the Waco Police Department on April 2, 2008, for possession of cocaine and for being a felon in possession of a firearm. (Doc. 7-1 at 6, 13; doc. 7 at 18, 21.)[1] He was released on bond that same day. (Doc. 7 at 21.) A parole violator warrant was issued for his arrest on April 8, 2008, he was arrested for criminal mischief on April 14, 2008, and the parole violator warrant was executed that day. (*Id*. at 21, 24.) His parole was revoked on May 1, 2008, while he was in custody at the

---

[1] Page citations refer to the CM/ECF system page number at the top of each page rather than the page numbers at the bottom of each filing.

McLennan County Jail, and he was transferred to TDCJ on June 4, 2008. (*Id*.)

On July 8, 2008, Petitioner was charged by indictment in Cause No. W-08-CR-122 in the United States District Court for the Western District of Texas with possession of a firearm by a convicted felon in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2). (*Id*. at 30.) A federal arrest warrant was issued on July 9, 2008, and a writ of habeas corpus *as prosequendum* was issued on August 21, 2008. (*Id*. at 33, 38.) On September 8, 2008, the United States Marshal's Service (USMS) took custody of Petitioner pursuant to that writ. (*Id*. at 35-36.) He pled guilty in the federal case on December 18, 2008. (*Id*. at 40.)

The Presentence Investigation Report, prepared on January 20, 2009, noted that a detainer had been lodged against Petitioner by the Texas Department of Criminal Justice – Institutional Division (TDCJ). (Doc. 7-1 at 4.) It applied the 2008 United States Sentencing Guidelines (U.S.S.G.). (Doc. 7-1 at 8.) It also recommended a four-level increase to his base offense level under U.S.S.G. § 2K2.1(b)(6) for using or possessing a firearm in connection with another felony offense because of his possession of crack cocaine at the time of arrest for possession of a firearm. (Doc. 7-1 at 8.) On February 11, 2009, Petitioner was sentenced to 60 months' imprisonment. (Doc. 7 at 41.) The judgment did not state whether the sentence would run concurrently with or consecutive to any state sentence. He was returned to TDCJ on May 1, 2009. (Doc. 7 at 36.)

On October 14, 2009, Petitioner pled guilty in the McLennan County cocaine case and was sentenced to 15 years of imprisonment in TDCJ. (*Id*. at 18.) The state firearms charge was dismissed. (Doc. 1 at 2.) He was paroled from TDCJ on April 15, 2013, and transferred to the custody of the USMS. (Doc. 7 at 36, 66.) The BOP calculated his federal sentence as beginning on that date. (*Id*. at 50.) Petitioner asked BOP to designate TDCJ as the institution for service of his

2

federal sentence so he could receive credit on his federal sentence for time served in TDCJ for the state cocaine conviction. (*Id*. at 89, 92, 96). In response to a query from BOP (*id*. 56-57), the Court stated that the federal sentence was to be consecutive to the state sentence. (*Id*. at 59.) On July 11, 2014, BOP denied Petitioner's request for credit for time served on his state sentence. (*Id*. at 94-96.)

### C. Substantive Claim

Petitioner claims that under U.S.S.G. § 5G1.3(b), his federal sentence should have run concurrently with his state sentence for possession of cocaine because the possession of cocaine was relevant conduct and served as the basis of a four-level increase in the offense level under U.S.S.G. § 2K2.1(b)(6). He seeks credit on his federal sentence for the time he served on his state cocaine sentence, and he asks that the judgment be reformed to show that the federal sentence was to run concurrently with that state sentence.

## II. SENTENCING ERROR

Section 5G1.3(b) of the 2008 version of United States Sentencing Guidelines provides:

> If . . . a term of imprisonment resulted from another offense that is relevant conduct to the instant offense of conviction under the provisions of subsections (a)(1), (a)(2), or (a)(3) of §1B1.3 (Relevant Conduct) and that was the basis for an increase in the offense level for the instant offense under Chapter Two (Offense Conduct) or Chapter Three (Adjustments), the sentence for the instant offense shall be imposed as follows:
>
> > (1) the court shall adjust the sentence for any period of imprisonment already served on the undischarged term of imprisonment if the court determines that such period of imprisonment will not be credited to the federal sentence by the Bureau of Prisons; and
> >
> > (2) the sentence for the instant offense shall be imposed to run concurrently to the remainder of the undischarged term of imprisonment.

A district court retains the discretion to impose a consecutive sentence even if § 5G1.3(b) applies, however. *United States v. Green*, 647 F. App'x 507 (5th Cir. 2016).

Relief for a claim of sentencing error under U.S.S.G. § 5G1.3(b) is not available through a § 2241 petition. *Branch v. Nash*, ___ F. App'x ___, No. 15-50822, 2016 WL 6109332 (5th Cir. Oct. 19, 2016). A writ of habeas corpus under 28 U.S.C. § 2241 is the appropriate vehicle in which "a sentenced prisoner attacks the manner in which a sentence is carried out or the prison authorities' determination of its duration." *See Pack v. Yusuff,* 218 F.3d 448, 451 (5th Cir. 2000). Claims of alleged errors that occurred at sentencing are properly raised in a motion under 28 U.S.C. § 2255 motion. *See id*. (citing *Padilla v. United States*, 416 F.3d 424, 426 (5th Cir. 2005)).

Petitioner previously filed a § 2255 motion to vacate his federal sentence, which was denied. *See Hicks v. United States*, Cause Nos. W-09-CA-267, W-08-CR-122 (W.D. Tex. Nov. 23, 2009). He filed a second § 2255 motion that challenged the failure to impose a concurrent sentence under U.S.S.G. § 5G1.3(b), which was dismissed as successive and as untimely. *See Hicks v. United States*, Cause Nos. W-11-CA-218, W-08-CR-122 (W.D. Tex. Aug. 10, 2011). His § 2241 petition may not be construed as a § 2255 motion because it would be successive, and he has not shown the Fifth Circuit has authorized a successive § 2255 motion under 28 U.S.C. § 2244(b)(3)(C). He has not shown that the remedy provided under § 2255 is inadequate or ineffective, and he therefore may not raise his sentencing claim under § 2241. *See Branch v. Nash*, 2016 WL 6109332 (citing *Tolliver v. Dobre*, 211 F.3d 876, 878 (5th Cir. 2000) ("a prior unsuccessful § 2255 motion, or the inability to meet [the] 'second or successive' requirement, does not make § 2255 inadequate or ineffective" so as to permit a § 2255-type claim to be raised in a § 2241 petition).

### III.  SENTENCE CREDIT

Petitioner also contends he should receive credit on his federal sentence for the time he served on his state cocaine sentence because the BOP should have designated TDCJ as the place

4

where he served part of his federal sentence.

Petitioner was not statutorily entitled to credit on his federal sentence for the time he served on his state sentence, even if the state sentence was for the same conduct that led to his federal sentence. *See Puga v. Sherrod*, 462 F. App'x 470, 473 (5th Cir. 2012) (citing 18 U.S.C. § 3585(b); *Newby v. Johnson,* 81 F.3d 567, 569 (5th Cir.1996)). Nevertheless, "[w]here a federal sentence was imposed before a state sentence, the BOP may indirectly award credit for time served in state prison by designating nunc pro tunc the state prison as the place in which the prisoner serves a portion of his federal sentence." *Pierce v. Holder,* 614 F.3d 158, 160 (5th Cir. 2010). The BOP's denial of a request to make such a designation may be challenged through a § 2241 petition. *See United States v. Jack*, 566 F. App'x 331, 332 (5th Cir. 2014). The BOP's decision is reviewed for an abuse of discretion. *See Robertson v. Werlich*, ___ F. App'x ___, No. 15–30423 (5th Cir. Aug. 8, 2016) (citing *Barden v. Keohane*, 921 F.2d 476, 478 (3d Cir. 1990)).

Here, the BOP considered Petitioner's request and the Court's statement that the federal sentence should be consecutive to the state cocaine sentence. Under these circumstances, it did not abuse its discretion by denying Petitioner's requested sentence credit for time served on the state cocaine sentence. *See Puga*, 462 F. App'x at 473 (BOP did not abuse its discretion where the sentencing court intended the sentences be consecutive and there was no statutory entitlement to concurrent sentences under § 3585(b)); *Rodriguez v. Pitzer*, 76 F. App'x 519 (5th Cir. 2003) (BOP did not abuse its discretion where the sentencing court was aware of pending state charge and did not express an intent that sentences be concurrent). Petitioner is not entitled to § 2241 relief.

## V. RECOMMENDATION

The petition for habeas corpus relief under 28 U.S.C. § 2241 should be **DENIED** with

prejudice.

      SIGNED this 12th day of December, 2016.

                                                        IRMA CARRILLO RAMIREZ
                                                        UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

      A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

                                                        IRMA CARRILLO RAMIREZ
                                                        UNITED STATES MAGISTRATE JUDGE